# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| LATISSHA WILLIAMS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:17-cv-00050-WCL-SLC |
| | ) |
| LINCOLN FINANCIAL GROUP, | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

On June 6, 2017, pro se Plaintiff Latissha Williams filed a letter in this employment discrimination case, which the Court deemed to be a motion requesting that this Court appoint an attorney to represent her. (DE 18). The Court denied her motion for the reason that Williams had contacted just one attorney regarding her case. (DE 19). Now before the Court is a second filing by Williams, indicating that she has contacted at least three attorneys concerning her case.[1] (DE 20).

As explained in the Court's prior Order (DE 19), civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (citing *Jackson*, 953 F.2d at 1071); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995). Rather, district courts are empowered to appoint an attorney to represent a plaintiff without charge when she is "unable to

---

[1] Although Williams has now satisfied the threshold element of contacting at least three attorneys about her case, all three attorneys have chosen to pass up the opportunity to represent her. This circumstance speaks rather directly to the merits of Williams's case and raises a fair inference that these attorneys did not view her case as meritorious. *See Jackson v. Cty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) (considering plaintiff's unsuccessful attempts to retain counsel when denying his motion to appoint counsel).

afford counsel," 28 U.S.C. § 1915(e)(1), or "in such circumstances as the court may deem just," 42 U.S.C. § 2000e-5(f)(1). *See* 42 U.S.C § 12117(a) (stating that the Americans with Disabilities Act (ADA) incorporates the powers, remedies, and procedures of Title VII); *Pierce v. United Parcel Serv.*, No. 01 C 5690, 2002 WL 992624, at *2-4 (N.D. Ill. May 15, 2002) (applying the Title VII standard to request for counsel in ADA case). The Seventh Circuit has instructed that several factors should be weighed by the district court when determining whether appointment of counsel is warranted: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears competent to litigate it herself. *Pruitt*, 503 F.3d at 654-58; *Sherrill v. Potter*, 329 F. App'x 672, 674-75 (7th Cir. 2009) (applying the *Pruitt* factors in a Title VII case); *Darden v. Ill. Bell Tel. Co.*, 797 F.2d 497, 500-01 (7th Cir. 1986) (instructing the court to consider "the merits of the plaintiff's claim, the plaintiff's diligence in attempting to obtain a lawyer, and the plaintiff's financial ability to retain counsel" when considering a motion to appoint counsel under Title VII (citation omitted)).

Here, there is second threshold problem with Williams's request for counsel that the undersigned did not note in its prior Order, but will do so now. "[P]roceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 is a prerequisite to appointment of counsel under 1915." *Hairston v. Blackburn*, No. 09-cv-598, 2010 WL 145793, at *10 (S.D. Ill. Jan. 12, 2010). Williams's application to proceed *in forma pauperis*, however, was denied by the District Judge. (DE 3). This is additional grounds to deny Williams's request for counsel at the outset. *See Shoultz v. Ill. State Univ.*, No. 10-cv-1046, 2010 WL 744576, at *1 (C.D. Ill. Feb. 26, 2010) ("The Court has determined that Plaintiff is not indigent, and thus declines to seek pro bono representation on his behalf." (collecting cases)).

But even if Williams had satisfied this threshold requirement, it is evident that Williams is competent to represent herself in this matter, at least at this juncture. This suit is a relatively straightforward employment discrimination and retaliation action under the ADA: Williams claims that her past employer, Defendant Lincoln Financial Group, discriminated and retaliated against her by failing to accommodate her request to work from a remote location due to her experiencing environmental allergies in the workplace. (DE 1). As such, the first factor—the difficulty of her claims—cuts against Williams's request for counsel. *See, e.g.*, *Jagla v. LaSalle Bank*, No. 05 C 6460, 2006 WL 1005728, at *5 (N.D. Ill. Apr. 12, 2006) (denying plaintiff's request for counsel in a straightforward national origin discrimination case, observing that the issue did not involve any "nonintuitive procedural requirements applied in a setting of complex legal doctrine" (quoting *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 429 (7th Cir. 1991))).

Furthermore, Williams has already adequately articulated her claims in this suit (DE 1), filed an application to proceed *in forma pauperis* (DE 2), participated in a Rule 16 preliminary pretrial conference (DE 21), and filed documents requesting appointment of counsel (DE 18; DE 20). It is evident from her filings and her participation in the preliminary pretrial conference that Williams is articulate, assertive, and possesses good communication skills, certainly at a sufficient level to proceed pro se. In fact, Williams served for five years as a senior service representative in the marketing department of Lincoln Financial Group, and she also operates her own dance studio. (DE 1); *cf. Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. July 25, 2014) (reversing a district court's denial of request for counsel pertaining to "a blind and indigent prisoner with a tenth-grade education and no legal experience" in a case involving complicated medical matters); *Henderson v. Ghosh*, 755 F.3d 559, 567 (7th Cir. 2014) (reversing a district court's denial of request for counsel where the record reflected plaintiff's low IQ, functional

illiteracy, and poor education). Moreover, the facts of this case are within Williams's personal knowledge to at least some degree, so the task of discovery does not appear particularly complex. Also, Williams is not incarcerated, and thus, she has the freedom and ability to perform her own legal research.

In sum, Williams has not established her inability to pay, and she appears to be competent and fully capable of representing herself in this suit, at least at this stage of the case. *See Zarnes*, 64 F.3d at 289. Consequently, Williams's request for court-appointed counsel (DE 18; DE 20) is DENIED. In the event Williams's claims survive any dispositive motions, the Court will, upon further motion, reconsider her request for counsel. *See Mungiovi v. Chi. Hous. Auth.*, No. 94 C 6663, 1994 WL 735413, at *2 (N.D. Ill. Dec. 19, 1994) ("[The] court's general practice is to consider appointment of counsel if and when it appears that the action has sufficient merit to require complex discovery or an evidentiary hearing." (citation omitted)).

SO ORDERED.

Entered this 10th day of July 2017.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge